IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ERIC SMITH,** | Case Number 1:15 CV 2701 |
| Petitioner, | Judge Benita Y. Pearson |
| v. | Magistrate Judge James R. Knepp II |
| **LASHANN EPPINGER**, Warden, | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Petitioner Eric Smith ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent, Warden LaShann Eppinger, filed an answer (Doc. 8) with supplemental exhibits (Doc. 8-1). Petitioner filed a reply. (Doc. 9). Respondent filed a sur-reply. (Doc. 10). The district court has jurisdiction over this petition under 28 U.S.C. § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated January 11, 2016). Following review and for the reasons stated below, the undersigned recommends the Petition be denied.

### FACTUAL BACKGROUND

For purposes of federal habeas corpus review of state-court decisions, findings of fact made by the state court are presumed correct and can be contravened only if the habeas petitioner shows, by clear and convincing evidence, those factual findings are erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). This presumption of correctness applies to factual findings made by a state court of

appeals based on the state trial-court record. *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). In this case, Ohio's Eighth District Court of Appeals set forth the following findings of fact:

> {¶ 2} At trial, East Cleveland detective Randy Hicks testified that at approximately 7:30 p.m. on February 28, 2009, he and fellow detectives Wilbert Nevels and Mark Allen were engaged in a buy/bust operation with a private citizen acting as a police agent at a house in East Cleveland. Hicks was parked a half-block down from the targeted house; Nevels and Allen were in another vehicle down the street.
>
> {¶ 3} Hicks listened as the citizen, who was wired, pulled his car up to the targeted house and motioned to two men standing outside that he wanted to buy marijuana. A male, later identified as Smith (who was not the target of the operation), went to the car and told the citizen that he wanted the money before he got the drugs. The citizen gave Smith $20, but when Smith began walking away, the citizen demanded his money back. Smith got into his car and the two men started arguing. Hearing the argument, Detective Hicks decided to move in, and the police blocked the car with their cars. Hicks jumped out of his car yelling "police, don't move," but Smith ran from the citizen's car.
>
> {¶ 4} Hicks testified that he chased Smith as he ran through a backyard and over a fence. According to Hicks, Smith fell after he jumped the fence. Hicks testified that as he approached Smith, who was on the ground, he saw Smith reaching for his waistband, so he pulled out his handgun. Hicks testified that as he was straddling Smith's feet and pointing his gun at him, Smith suddenly reached up and grabbed Hicks's gun with both hands.
>
> {¶ 5} Hicks further testified that he never lost control of his gun. He stated, "He grabbed it, gave it a good tug, and at that time I kicked him right in the chest and was able to pull it back and take a couple steps back." On cross-examination, Hicks stated, "I don't ever lose control of my gun." Hicks also stated that he had arrested Smith several other times, and that Smith "usually runs from us," so he "chases him down" and arrests him. Hicks stated that Smith had never reached for Hicks's gun on any of the other occasions.
>
> {¶ 6} Detective Nevels, who was also chasing Smith, testified that as he came upon the scene, he saw Smith and Hicks "tussling" over the gun. Like Hicks, Nevels testified that Smith never got the gun from Hicks and never gained control of the weapon. Nevels said he saw Hicks "knee" Smith in the chest, forcing him down, and then he handcuffed Smith. The police subsequently found one rock of crack cocaine in Smith's pants pocket.

*State v. Smith*, 2010 WL 3353606, at *1 (Ohio Ct. App.).

**PROCEDURAL BACKGROUND**

On March 13, 2009, a Cuyahoga County Grand Jury indicted Petitioner on charges of aggravated robbery with firearm specifications, and drug possession. (Doc. 8-1, Ex. 1). On March 26, 2009, Petitioner, represented by appointed counsel, entered a plea of not guilty to all charges. (Doc. 8-1, Ex. 2). On May 28, 2009, the state filed a bill of particulars stating the charges with more specificity. (Doc. 8-1, Ex. 3).

The case proceeded to jury trial on June 11, 2009. (Doc. 8-1, Ex. 28, at 165). After the prosecution rested its case, Petitioner moved for acquittal, which the trial court denied. (Doc. 8-1, Ex. 4). On June 12, 2009, the jury found Petitioner guilty of aggravated robbery with a one-year firearm specification and not guilty of a three-year firearm specification. (Doc. 8-1, Ex. 5). The jury also found him guilty of drug possession. *Id.* The trial court sentenced Petitioner that day to: (1) eight years' imprisonment for aggravated robbery and one year's imprisonment for the firearm specification, to be served consecutively; and (2) one year's imprisonment for drug possession, also to be served consecutively to the other terms, for a total of ten years' imprisonment. *Id.*

**Direct Appeal**

Petitioner, through new counsel, filed a timely notice of appeal to the Eighth District Court of Appeals, Cuyahoga County, Ohio. (Doc. 8-1, Ex. 6). In his appellate brief, he raised the following assignments of error:

1. The State failed to present sufficient evidence to sustain Appellant's convictions.

2. The Appellant's convictions were against the manifest weight of the evidence.

(Doc. 8-1, Ex. 7, at 19).

On August 26, 2010, the state appellate court affirmed in part and reversed in part the trial court's judgment. (Doc. 8-1, Ex. 9); *Smith*, 2010 WL 3353606. It ruled the trial court erred in denying Petitioner's motion for acquittal regarding the one-year firearm specification and remanded to the trial court to vacate Petitioner's conviction on that count. *Smith*, 2010 WL 3353606, at *2-3. The appellate court overruled Petitioner's manifest-weight -of-the-evidence claim. *Id*. at *3.

On October 4, 2010, Smith, *pro se,* filed a timely notice of appeal in the Ohio Supreme Court. (Doc. 8-1, Ex. 10). In his memorandum in support of jurisdiction, he raised one proposition of law: "The Appellants [*sic*] convictions were against the manifest weight of the evidence." (Doc. 8-1, Ex. 11, at 58). On December 29, 2010, the court declined jurisdiction over the appeal. (Doc. 8-1, Ex. 13).

**First Remand**

On June 30, 2011, pursuant to the appellate court's remand, the trial court held a new sentencing hearing and sentenced Petitioner to eight years' imprisonment for the aggravated robbery and one year's imprisonment for drug possession, to be served concurrently, for an aggregate term of eight years in prison. (Doc. 8-1, Ex. 14).

Petitioner filed a timely notice of appeal with the state appellate court. (Doc. 8-1, Ex. 15). In his appellate brief, he raised the following sole assignment of error: "The trial court abused its discretion by sentencing the Appellant to an eight[-]year term of incarceration." (Doc. 8-1, Ex. 16, at 72). On March 8, 2012, the appellate court held the trial court lacked authority to resentence Petitioner; it reversed the sentence and remanded to the trial court with instructions to reinstate the original sentence, minus the conviction on the one-year firearm specification. (Doc. 8-1, Ex. 18, at 101-02); *State v. Smith*, 2012 WL 760612, at *2 (Ohio Ct. App.).

4

A review of the Ohio Supreme Court's online docket reveals Petitioner did not appeal the state appellate court's judgment.

**Second Remand**

On May 24, 2012, the trial court conducted a hearing at which it imposed Petitioner's original sentence of eight years' imprisonment for aggravated robbery and one year imprisonment for drug possession, to be served consecutively, for an aggregate term of nine years in prison. (Doc. 8-1, Ex. 19). At the hearing, Petition made an oral motion for a new trial, which the court denied. *Id.*

Petitioner filed a timely notice of appeal with the appellate court. (Doc. 8-1, Ex. 20). In his appellate brief, he raised the following sole assignment of error: "Imposition of a consecutive sentence was contrary to law." (Doc. 8-1, Ex. 21). On July 24, 2014, the court of appeals affirmed the trial court's judgment. (Doc. 8-1, Ex. 23, at 135); *State v. Smith*, 2014 WL 3697367, at *2 (Ohio Ct. App. July 24, 2014).

On September 20, 2014, Petitioner, *pro se*, filed a notice of appeal with the Ohio Supreme Court. (Doc. 8-1, Ex. 24). In his memorandum in support of jurisdiction, Petitioner set forth the following proposition of law: "Imposition of a consecutive sentence was contrary to law." (Doc. 8-1, Ex. 25). On January 28, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 8-1, Ex. 27).

#### FEDERAL HABEAS CORPUS

On December 28, 2015, Petitioner, *pro se*, filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). The Petition raises the following two grounds for relief:

1. Petitioner is "actually innocent" of the aggravated robbery conviction due to insufficiency of evidence. *In re Winship,* 397 U.S. 358, 364(1970). Duplicity written within the state statute[.]

2. Petitioner is "actually innocent" of the aggravated robbery conviction because it was against the manifest weight of the evidence. *In re Winship*, 397 U.S. 358 364(1970); *Sullivan v.* [*Louisiana*], [5]08 U.S. 275, 278 (1993)[.]

(Doc. 1, at 5, 9).

On May 13, 2016, Respondent filed an answer (Doc. 8) with supplemental exhibits (Doc. 8-1). On June 9, 2016, Petitioner filed a reply. (Doc. 9). In his reply, Petitioner also moves to strike the small print in Respondent's answer, and requests the production of the trial transcript and an evidentiary hearing. *Id*. The undersigned will address those issues below. On June 15, 2016, Respondent filed a sur-reply. (Doc. 10).

## JURISDICTIONAL ISSUES

### **Non-Cognizable Claims**

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac,* 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process." (citation omitted)). Thus, to the extent Petitioner's claims are based on state-law issues, they are not cognizable on federal habeas review.

**Procedural Default**

Procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . *not* resolved on the merits in the state proceeding due to [the petitioner's] failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (emphasis in original); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

A petitioner may fail to obtain consideration of a claim by a state court by either: (1) failing to fairly raise it before the state court while state remedies are still available, or (2) failing to comply with a state procedural rule which prevents the state court from reaching the merits of the claim. *Wainwright*, 433 U.S. at 80, 84-87. In either scenario, the claim is procedurally defaulted and may not be considered by the federal court on habeas review. *Seymour v. Walker,* 224 F.3d 542, 549-50 (6th Cir. 2000).

When there is noncompliance with a state procedural rule, the court conducts a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the default may be excused:

1. Whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. Whether the state courts actually enforced their procedural sanction;

3. Whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

7

> 4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires him to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[] his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty." *Stone v. Powell*, 428 U.S. 465, 492-93, n.31 (1976).

**<u>Grounds One and Two: Sufficiency of the Evidence / Manifest Weight of the Evidence</u>**

In his first ground for relief, Petitioner argues that his conviction for aggravated robbery was not supported by sufficient evidence. (Doc. 1, at 5–7). In his second ground, he asserts the aggravated robbery conviction was against the manifest weight of the evidence. *Id*. at 9. Respondent argues Petitioner procedurally defaulted his sufficiency claim by failing to raise it in state courts.

(Doc. 8, at 10). He maintains Petitioner's manifest-weight claim it is not cognizable on federal habeas corpus review. (Doc. 8, at 12-14).

It is well settled that claims regarding the manifest weight of the evidence are grounded in state law and therefore not cognizable on federal habeas. *See, e.g., Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983) (Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those convicted without sufficient proof to allow a finding of guilt beyond a reasonable doubt). In *Nash v. Eberlin*, 258 F. App'x 761, 765 n.4 (6th Cir. 2007), however, the Sixth Circuit liberally construed a *pro se* habeas petitioner's manifest-weight-of-the-evidence claim to be a sufficiency-of-the-evidence claim. The court found that Ohio courts had "adequately passed upon" the petitioner's sufficiency claim because the "determination by the Ohio Court of Appeals that the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was sufficient evidence." *Id*. at 765.

Here, Petitioner raised a sufficiency claim in the state appellate court, but only with respect to his firearms-specification conviction. *See Smith*, 2010 WL 3353606, at *2-3. He raised a manifest-weight claim regarding his aggravated-robbery conviction to the appellate court, which rejected it on the merits. *See id*. at 3. He appealed that decision to the Ohio Supreme Court, also arguing there was insufficient evidence to support that conviction. (Doc. 8-1, Ex. 11, at 63-65). Applying *Nash*, therefore, the undersigned finds that Petitioner effectively presented his sufficiency claim to the Ohio courts through his manifest-weight claim, which the state appellate court adjudicated on the merits. Accordingly, Petitioner's sufficiency claim is preserved for federal habeas review. Petitioner's manifest-weight claim, however, is not a cognizable ground for habeas relief, and the undersigned recommends that Petitioner's second ground for relief be dismissed.

## STANDARD OF REVIEW

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

State trial court factual determinations are presumed correct and a petitioner must present clear and convincing evidence to the contrary in order to overcome the correctness presumption. 28 U.S.C. § 2254(e). "It is a clearly established rule that errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in federal habeas corpus proceedings." *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

**DISCUSSION**

**<u>Ground One: Sufficiency of the Evidence</u>**

The Due Process Clause of the Fourteenth Amendment requires a state to prove every element of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979). A habeas court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original). "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

Because both *Jackson* and AEDPA apply to Petitioner's sufficiency claim, federal habeas review requires deference at two levels. "'First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the [state court's] consideration of the trier-of-fact's verdict, as dictated by [the] AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). The Sixth Circuit has observed that "'[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Id*. at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

As explained above, Petitioner presented a claim that his aggravated robbery conviction was against the manifest weight of the evidence on direct appeal in state court. The state appellate court, the last state court to address the claim, opined:

> {¶ 15} Smith contends that his conviction for aggravated robbery was against the manifest weight of the evidence because the State's witnesses were not credible. His theory at trial was that the officers made up the story because they were angry he could not be charged with drug trafficking since he had given the $20 back to the

11

citizen. On appeal, he points out several inconsistencies in their testimony as evidence that the officers fabricated the story about him trying to grab Hicks's gun.

{¶ 16} But as the finder of fact, the jury was free to accept or reject all or any part of the testimony of the witnesses and assess the credibility of the witnesses. . . . Despite some minor inconsistencies between Hicks's and Nevels's testimony, we cannot conclude that Smith's conviction was against the manifest weight of the evidence. Hicks and Nevels both described Smith grabbing for Hicks's gun, and it was within the province of the jury to determine whether their testimony was sufficiently reliable and accurate to be worthy of belief.

{¶ 17} After reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we find that the jury did not lose its way in convicting Smith of aggravated robbery of a law enforcement officer and his conviction was supported by the manifest weight of the evidence. Therefore, the second assignment of error is overruled.

*Smith*, 2010 WL 3353606, at *2-3 (citations omitted).

Petitioner advances a different argument to support his sufficiency claim here. Although difficult to discern, he appears to argue that the evidence adduced at trial supported only a conviction for attempted robbery, because it showed he never was in possession of Detective Hicks's gun. (Doc. 1, at 5). As the appellate court noted, Detective Hicks testified that "he never lost control of his gun." *Smith*, 2010 WL 3353606, at *1. However, Petitioner reasons, the indictment was unconstitutionally "duplicitous," because aggravated robbery in Ohio includes both removing or attempting to remove a police officer's weapon.[1] (Doc. 1, at 5-7). This "confused" the jury, he

---

[1] Ohio's aggravated robbery statute provides in relevant part:

(B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:

(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties . . . .

Ohio Rev. Code § 2911.01(B)(1).

12

asserts, leading it to convict him of aggravated robbery with evidence that supported only attempted robbery. *Id*. at 5-6.[2]

This argument is misplaced. Petitioner states that he raises this duplicitous indictment argument not as an independent claim, but "only in furtherance in highlighting the insufficiency of his conviction as to this count." *Id.* at 7. Indeed, such claims are not cognizable on federal habeas review. Petitioner cites several cases for the proposition that any indictment containing more than one alleged crime in a single count is improper. *Id*. at 6 (citing *United States v. Savoires*, 430 F.3d 376, 369-80 (6th Cir. 2005); *United States v. Buchmeier*, 255 F.3d 415, 423-35 (7th Cir. 2001); *United States v. Nattier*, 127 F.3d 655, 658 (8th Cir. 1997); *United States v. Ramirez-Martinez*, 273 F.3d 903, 914 (9th Cir. 2001)). But these cases all address the application of federal criminal law and procedure, not federal constitutional law. It is well settled that there is no federal constitutional right to an indictment in state criminal proceedings. *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing *Brazenburg v. Hayes*, 408 U.S. 665 (1972)). Thus, "[b]eyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002). And, as long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz*, 731 F.2d at 369. In this case, the indictment clearly stated the elements of the crime of aggravated robbery and contained sufficient factual

---

[2] Petitioner also asserts that Ohio's aggravated robbery statute was "[u]nconstitutionally vague." (Doc. 1, at 6). He provides no legal authority or argument to support this allegation, however, and the undersigned will not address it. *See, e.g., United States v. Hall*, 549 F.3d 1033, 1042 (6th Cir. 2008) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at argumentation, are deemed waived.'" (quoting *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (alteration in original)).

13

allegations to apprise Petitioner of the charge he faced. (*See* Doc. 8-1, Ex. 1). Similarly, there is no basis upon which to find the indictment confused the jury and led it to convict him of aggravated robbery with insufficient evidence.

The only issue here is whether the state appellate court reasonably concluded that a rational trier of fact could have found the essential elements of aggravated robbery beyond a reasonable doubt. *Jackson,* 443 U.S. at 319. Petitioner presents no evidence or argument showing it did not. The state court's decision was neither contrary to, nor an unreasonable application of, *Jackson,* and the undersigned recommends that the Court dismiss Petitioner's first ground for relief.

### CONCLUSION AND RECOMMENDATION

Ground One fails on the merits. Ground Two is not cognizable on federal habeas review. There has been no demonstrated need for an evidentiary hearing, production of trial transcripts, or pleadings stricken from the record, as requested in Petitioner's reply (Doc. 9). Finally, Petitioner has not established any error resulting in a denial of fundamental fairness or cause to hesitate due to the probability of actual innocence. The undersigned therefore recommends the Petition (Doc. 1) be denied and dismissed in its entirety.

                                                             s/James R. Knepp II
                                                       United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).