PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SMITH (#A570640), | ) ) | CASE NO. 1:15CV2701 |
| Petitioner, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| LaSHANN EPPINGER, Warden, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 15] |

*Pro Se* Petitioner Eric Smith, formerly an inmate at the Grafton Correctional Institution ("GCI"),[1] filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging two (2) grounds for relief which challenge the constitutional sufficiency of his conviction in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-09-521598-A. The case was referred to Magistrate Judge James R. Knepp II for a Report and Recommendation

---

[1] According to the Ohio Department of Rehabilitation and Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A570640) (last visited March 29, 2019), Petitioner was released on January 25, 2018 from GCI and is on Adult Parole Authority ("APA") Supervision with the APA offices located in Cleveland, Ohio.
    Petitioner has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(1:15CV2701)

pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge subsequently issued a Report and Recommendation (ECF No. 11). In his Report, the magistrate judge recommends that the Court deny the Petition because Ground One fails on the merits, ECF No. 11 at PageID #: 272, and Ground Two is not cognizable in this federal habeas corpus proceeding, ECF No. 11 at PageID #: 267, 272. Petitioner timely filed Objections to the magistrate judge's Report (ECF No. 15). The Court, after reviewing the Objections, hereby adopts the Report and denies the Petition.

## I. Facts

In June 2009, Petitioner was convicted in a jury trial of aggravated robbery with a one-year firearm specification (Count 1) and drug possession (Count 2). ECF No. 8-1 at PageID #: 77. On the aggravated robbery charge alleged in Count 1 of the indictment, the trial court sentenced Petitioner to an eight-year prison term to be served consecutive to the one year imposed on the one-year firearm specification. On the drug possession charge alleged in Count 2, the court sentenced Petitioner "to a term of 12 months . . . to be served consecutively to Count 1." ECF No. 8-1 at PageID #: 77.

Petitioner appealed to the Eighth District Court of Appeals of Ohio. ECF No. 8-1 at PageID #: 78-79. He raised two assignments of error. ECF No. 8-1 at PageID #: 84-98. The Ohio Court of Appeals affirmed in part and reversed in part the trial court's June 2009 judgment. The state appellate court found there was insufficient evidence to sustain the one-year firearm specification and remanded the case to the trial court to vacate Petitioner's conviction on the one-year firearm specification. *State v. Smith*, No. 93593, 2010 WL 3353606 (Ohio App. 8th

(1:15CV2701)

Dist. Aug. 26, 2010) (ECF No. 8-1 at PageID #: 113-21). The Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question, *State v. Smith*, 127 Ohio St.3d 1486 (2010) (ECF No. 8-1 at PageID #: 134), and Petitioner did not further appeal to the United States Supreme Court.

In June 2011, pursuant to the Ohio Court of Appeals' remand order, the trial court held a new sentencing hearing and reinstated the eight-year prison term for the aggravated burglary charge and the one-year term for drug possession. However, this time the trial court ordered the sentences to run concurrently instead of consecutively. ECF No. 8-1, at PageID #: 135.

Petitioner appealed his new sentence to the Eighth District Court of Appeals of Ohio. ECF No. 8-1 at PageID #: 136. He raised one assignment of error. ECF No. 8-1 at PageID #: 138-50. The Ohio Court of Appeals reversed the trial court's June 2011 judgment, holding that on remand the trial court was only authorized to follow the appellate court's instructions, and erred in resentencing Petitioner because "it lacked jurisdiction to do so." *State v. Smith*, No. 97038, 2012 WL 760612, at *2 (Ohio App. 8th Dist. March 8, 2012) (ECF No. 8-1 at PageID #: 164-69). The case was remanded again to the trial court with instructions to reinstate Petitioner's original sentence, minus the conviction on the one-year firearm specification. *Id.* Petitioner did not appeal this decision to the Ohio Supreme Court.

In May 2012, pursuant to the Ohio Court of Appeals' second remand order, the trial court complied with the state appellate court's mandate and reinstated Petitioner's original consecutive sentence without the one-year firearm specification. ECF No. 8-1, at PageID #: 170-71.

3

(1:15CV2701)

Petitioner appealed a third time to the Eighth District Court of Appeals of Ohio. ECF No. 8-1 at PageID #: 172. He raised one assignment of error. ECF No. 8-1 at PageID #: 173-86. The Ohio Court of Appeals affirmed the trial court's May 2012 judgment. *State v. Smith*, No. 98547, 2014 WL 3697567 (Ohio App. 8th Dist. July 24, 2014) (ECF No. 8-1 at PageID #: 198-202). The Supreme Court of Ohio declined to accept jurisdiction of the appeal, *State v. Smith*, 141 Ohio St.3d 1457 (2015) (ECF No. 8-1 at PageID #: 226), and Petitioner did not further appeal to the United States Supreme Court.

Thereafter, Petitioner timely filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the magistrate judge's Report, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

**III. Law & Analysis**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state

4

(1:15CV2701)

court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also* Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The task of the Court is not to determine whether the Ohio Court of Appeals' decision was right or wrong. Instead, under the AEDPA, the Court must decide whether the state appellate court's adjudication of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). As the United States Supreme Court has explained:

> an *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

Renico v. Lett, 559 U.S. 766, 773(2010) (internal citations and quotations omitted) (emphasis in original).

**A. Ground One - Sufficiency of the Evidence**

Applying Nash v. Eberlin, 258 Fed.Appx. 761 (6th Cir. 2007), the magistrate judge finds that Petitioner effectively presented his sufficiency claim to the Ohio courts through his manifest-weight claim, which the state appellate court adjudicated on the merits. ECF No. 11 at

5

(1:15CV2701)

PageID #: 267. The Court agrees that Petitioner's sufficiency claim is preserved for federal habeas review.

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis in original).

The Ohio Court of Appeals' reasoning on Petitioner's conviction for aggravated robbery is well-explained and is not shown to be unreasonable in any way. *See State v. Smith*, No. 93593, 2010 WL 3353606, at *3 (Ohio App. 8th Dist. Aug. 26, 2010) (ECF No. 8-1 at PageID #: 113-21). Deference is due the state court of appeals' sufficiency determination as long as it is not unreasonable. *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009); *see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

Petitioner's argument that the testimony of Det. Hicks and Det. Nevels was not credible does not speak to the constitutional sufficiency of the evidence. As noted above, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). A federal court may not re-weigh the evidence or re-determine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of

(1:15CV2701)

the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983) (quoting *Jackson*, 443 U.S. at 326).

Considering the deference due both a jury's determination of guilt and a state court of appeals' sufficiency determination, *Belmonte v. Cook*, 567 Fed.Appx. 331, 334 (6th Cir. 2014), the Court agrees with the recommendation of the magistrate judge that Petitioner has not demonstrated an entitlement to federal habeas relief based on Ground One -- his sufficiency of the evidence claims. *See* ECF No. 11 at PageID #: 269-72.

The magistrate judge correctly recommends that Ground One be denied on the merits as the state appellate court's August 2010 decision in this regard was neither an unreasonable application of, nor contrary to, clearly established federal law. Therefore, Petitioner's objections that the magistrate's Report is (1) not founded on the facts from the transcript of the jury trial and (2) unsupported by the evidence are overruled.

### B. Ground Two - Manifest Weight of the Evidence

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Moreover, because the state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law

7

(1:15CV2701)

questions"). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008).

Petitioner apparently objects to the magistrate judge's recommendation that Ground Two is not cognizable. *See* ECF No. 15 at PageID #: 290. In Ground Two, Petitioner argues that he is entitled to federal habeas corpus relief because he is "'actually innocent' of the aggravated robbery conviction because it was against the manifest weight of the evidence." ECF No. 1 at PageID #: 9 (capitalization altered). Habeas corpus relief is available only to correct constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 US 1,5 (2010). However, "[a] manifest-weight claim is a matter of state law and not cognizable on habeas review." *Riley v. Warden, Noble Corr. Inst.*, No. 16-3912, 2017 WL 3597424, at *3 (6th Cir. Feb. 24, 2017). Accordingly, the Court cannot review Ground Two because it is not cognizable.

Accordingly, the Court agrees with the magistrate judge's recommendation that Ground Two is not cognizable on federal habeas review.

### IV. Conclusion

Petitioner's Objections (ECF No. 15) are overruled and the Report and Recommendation (ECF No. 11) of the magistrate judge is adopted. Eric Smith's Petition for a Writ of Habeas Corpus is denied.

(1:15CV2701)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| March 31, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |